OPINION
Plaintiffs Lana L. and Jeffrey B. Strickling, their minor children Stacy M., Tonya Rose, and Jessica Sue Strickling, and Aubrey M. O'Brien, appeal a summary judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of defendant Joe Behr Plumbing Heating, Inc., on appellants' action for personal injury. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR ONE:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT WHERE THE DEFENDANT HAS NOT MET ITS INITIAL BURDEN AS REQUIRED BY DRESHER V. BURT AND RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE WHEN CLAIMING THAT PLAINTIFFS HAVE NO EVIDENCE WITH WHICH TO PROVE THEIR CASE.
ASSIGNMENT OF ERROR TWO:
 THE TRIAL COURT ERRED BY EXCLUDING THE TESTIMONY OF PLAINTIFFS' EXPERT WHICH WAS FILED WITH A REPLY BRIEF AND GRANTING SUMMARY JUDGMENT BASED ON THE EXPERT TESTIMONY AND THE REPLY BRIEF WHEN REPLY BRIEFS ARE NOT PERMITTED BY THE LOCAL RULES OF THE COURT.
ASSIGNMENT OF ERROR THREE:
 THE TRIAL COURT ERRED BY EXCLUDING THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS BY CLAIMING THAT IT IS UNRELIABLE BECAUSE THE EXPERT DID NO TESTING WHEN THE EXPERT'S TESTIMONY IS RELIABLE BECAUSE IT IS BASED ON SOUND PRINCIPLES OF MECHANICAL ENGINEERING.
Loc. App. R. 9 requires an appellant who appeals a summary judgment to include in its brief a statement on a separate page declaring whether the judgment is inappropriate as a matter of law on the undisputed facts, or because a genuine dispute exists as to the material facts. The appellant is also required to set forth the specific fact issues the appellant claims were materially undisputed. Appellants' statement pursuant to Loc. App. R. 9 asserts the summary judgment was inappropriate because defendant claimed plaintiffs have no evidence and defendant did not meet its initial burden in seeking summary judgment. This does not shed much light regarding whether appellants assert there were material facts genuinely disputed, but it appears from the briefs appellants dispute the court's application of the law to this action. The parties agree to certain undisputed facts. Appellee installed a Lennox furnace at the appellants' residence in October of 1993. In March of 1997, appellants discovered the pipes in the venting system of the furnace had separated in the attic area of their home. Appellants alleged because of this, they were exposed to toxic substances and injured, and the furnishings of their home were ruined. Appellee alleged a pipe fitting had been glued but had separated. Appellee alleged it had previously joined the pipes with PVC cement, conforming with the American National Standard Institute and the American Society for Testing Material Standards. Appellee denied it had improperly installed the furnace. Appellee also contested the allegation appellants were exposed to toxic substances. Both appellants and appellee offered the testimony of expert witnesses on the issue of exposure to toxic substances. The trial court found the testimony of appellants' expert witness was not admissible pursuant to Evid.R. 702 (C). The trial court concluded summary judgment in favor of appellee was appropriate.
 I, II, and III
Because all the assignments of error are interrelated, and address the same basic issues, we will discuss them together. Civ.R. 56 (C) provides in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. A reviewing court reviews a summary judgment by the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In the recent case of Vahila v. Hall (1997), 77 Ohio St.3d 421, the Ohio Supreme Court explained the procedural duties of the respective parties. First, the party seeking summary judgment must state the basis for the motion, and support the motion with evidence showing no genuine issue exists as to any material fact, Vahila at 429, citing Harless v. Willis Day Warehousing Company (1978), 54 Ohio St.2d 64 and Hamlin v. McAlpin Company (1964), 175 Ohio St. 517, 519-520. The Vahila court also explained Wing v. Anchor Media, Ltd., of Texas (1991),59 Ohio St.3d 108, wherein the Ohio Supreme Court held a motion for summary judgment forces the non-moving party to produce evidence on any issue for which that party bears the burden of production at trial, Wing, syllabus by the court, paragraph three, citation deleted. However, in Dresher v. Burt (1996),75 Ohio St.3d 280, the Supreme Court limited the holding of Wing, supra. In Dresher, the court held a party seeking summary judgment on the ground that the non-moving party cannot prove its case bears the initial burden of specifying the basis for the motion, and identifying those portions of the record demonstrating there is no genuine issue of material fact on the essential elements of the non-moving party's claims. The moving party cannot discharge the initial burden by making a conclusory assertion that the non-moving party has no evidence with which to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C), affirmatively demonstrating the non-moving party has no evidence to support its claims. If the non-moving party cannot do so, the court must deny the motion for summary judgment. However, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to set forth the specific facts which show there is a genuine issue for trial. If the non-moving party does not come forward with such evidence, the trial court may enter summary judgment against that party, if appropriate. Vahila, supra, at 429. Appellee's motion for summary judgment argued appellant had no evidence appellee negligently installed the furnace. In support of this allegation, appellee presented the deposition of Michael Bair and an affidavit of Ronald Thaman, asserting the furnace was properly installed and vented, in accord with the manufacturer's instructions and applicable industry's standards. Appellants argue this is insufficient pursuant to Dresher, supra, to meet appellee's initial burden. Appellants argue appellee may not present only its own evidence, that is, the evidence of its own witnesses, but rather must also file the depositions of the appellants, and materials appellee received from appellants in discovery. Appellants argue that if appellee had filed appellants' evidence, appellants' evidence would overwhelmingly show a dispute as to a material fact. Appellants have misunderstood the procedure for a motion for summary judgment. Appellee came forward with evidence to affirmatively demonstrate the facts of the case revealed no negligence. This met appellee's initial burden, and appellants were then faced with the reciprocal burden to come forward with evidence to rebut this. Appellants presented the testimony of their expert witness in support of their allegation of negligence. Dr. Prahl is a professor of mechanical and aerospace engineering at Case Western Reserve, and also does consultation work. Dr. Prahl based his opinions on the file furnished by appellants and a chemical hand book. Dr. Prahl inspected the furnace on the first floor and also went to the attic crawl space. Dr. Prahl testified he did not perform any testing on the residence itself to determine what were the levels of carbon dioxide and water vapor, nor did he request any other person to conduct any such testing. Dr. Prahl admitted he did not measure what carbon dioxide level the furnace was capable of producing, and did not measure the rate at which whatever carbon dioxide the furnace produced would dissipate into the house. Dr. Prahl's opinions were based on the assumption the joint was never glued, but rather just hand-joined. Dr. Prahl also based his opinion on the assumption appellee removed the old vent from the attic when it removed the old furnace. Dr. Prahl testified the old vent hole had not been sealed off properly. Dr. Prahl admitted, however, he did not actually know whether the pipe was removed or left there. The trial court reviewed Dr. Prahl's testimony to determine whether it was admissible pursuant to Evid.R. 702 (C). The court noted decisions regarding the admissibility of expert testimony are directed to the trial court's discretion, Caldreon v. Sharkey (1982), 70 Ohio St.2d 218. The trial court noted it functioned as "gatekeeper" to screen expert testimony to ensure the jury receives not only relevant, but reliable evidence, see Daubert v. Merrill Dow Pharmaceuticals, Inc. (1993), 509 U.S. 579. The trial court found Dr. Prahl's opinion testimony was relevant but was not admissible because it was not reliable pursuant to Evid.R. 702. The trial court found Dr. Prahl's opinions were based on the assumption the PVC pipes were never glued together, and also that the old vent pipe had been removed. However, neither party presented any evidence in support of these factual assumptions. The only evidence presented was that the PVC pipes had been glued together, but had come apart. The unrebutted evidence also showed appellee did not remove any old vent piping. The trial court concluded Dr. Prahl's opinions had no factual basis, and thus were not admissible into evidence. The trial court also rejected the doctrine of res ipsa loquitur, finding the unexplained separation of a vent pipe does not necessarily demonstrate negligence on the part of the installer. Appellants assert their expert's opinion was admissible nevertheless because it is based on reliable scientific technical, or other specialized information. The trial court did not find Dr. Prahl's testimony was not based on reliable, scientific, technical, or other specialized information. Instead, the court found the facts upon which Dr. Prahl based his opinion were not the facts presented by this case. Evid.R. 703 provides an expert may base an opinion or inference on the facts or data either perceived by him or admitted into evidence. Dr. Prahl's opinion was based on facts assumed by him, not perceived by him or admitted into evidence. Further, Dr. Prahl's affidavit asserted appellants were subjected to high levels of carbon dioxide and water vapor, but Dr. Prahl admitted he had not carried out any tests, and was not aware of any publications which would address the issue of whether a furnace could produce high levels of carbon dioxide. The court found this opinion testimony was completely unsubstantiated. The court concluded the Dr. Prahl's opinions were not based upon a reliable foundation, and thus were not admissible. The trial court found there was no evidence appellee was negligent, and concluded summary judgment was appropriate. We have reviewed the record, and we agree with the trial court Dr. Prahl's testimony was not admissible. Our review of the record presented leads us to conclude the trial court was correct in determining appellants had not met their burden as the non-moving party to the summary judgment, because they had not come forward with evidence of appellee's negligence, or with evidence of damage. Each of the assignments of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Edwards, J., concur